UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

J&J SPORTS PRODUCTIONS, INC.,

                     **Plaintiff,**

       **-against-**

OSCAR CORTEZ, individually and d/b/a
EL MIXTECO BAR; CLEMENTE CORTEZ,
individually and d/b/a EL MIXTECO BAR;
MARCOS CORTEZ, individually and d/b/a
EL MIXTECO BAR; and EL MIXTECO, INC.,
an unknown business entity, d/b/a EL MIXTECO BAR,

                     **Defendants.**
---------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

**19-CV-5219 (FB) (ST)**

**TISCIONE, United States Magistrate Judge:**

Plaintiff J & J Sports Productions, Inc. ("J & J Sports") filed this action against Defendants Oscar Cortez, Clemente Cortez, and Marcos Cortez, each individually and doing business as El Mixteco Bar, and against El Mixteco Inc. also doing business as El Mixteco Bar for allegedly exhibiting a licensed sporting event to its paying guests without paying a commercial licensing fee. *See* Complaint ("Compl."), ECF No. 1. J & J Sports seeks relief pursuant to the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605, and the Cable & Television Consumer Protection and Competition Act of 1992 ("CTCPCA"), 47 U.S.C. § 553. Compl. ¶ 1.

On November 4, 2019, the Clerk of Court entered a certificate of default against Defendants for failing to respond to the Complaint. *See* Clerk's Entry of Default, ECF No. 12. By a Status Report Order on December 26, 2019, this Court directed Plaintiff's counsel to serve and file a motion for default judgment. *See* Docket Order (Dec. 26, 2019). On January 23, 2020, Defendants filed this Motion to Set Aside Default (ECF No. 13) which was referred to me by the

1

Honorable Frederic Block. *See* Docket Entry (Jan. 24, 2020). To date, Plaintiff has not responded to this motion nor filed a motion for default judgment. For the reasons stated below, I respectfully recommend that Defendants' Motion to Set Aside Default be GRANTED and the entry of default be VACATED.

## FACTUAL BACKGROUND

The following facts are alleged in Plaintiff's Complaint. Plaintiff is a California corporation that owns the rights to sublicense certain televised pay-per-view events. *See* Compl. ¶¶ 6, 19. Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Saul Alvarez v Liam Smith, WBO World Super Welterweight Championship Fight Program* ("Program") which was telecast nationwide on September 17, 2016 (hereinafter referred to as the "Program"). *Id*. ¶ 19. Plaintiff grants sub-licenses to commercial establishments (such as bars and restaurants) permitting the broadcasting of the Program at their places of business, in exchange for a fee. *See* Compl. ¶ 20. The transmission of the Program was "scrambled" and made available only to entities that paid Plaintiff the requisite licensing fee to exhibit the Program. *Id*. ¶¶ 22-25. Plaintiff complains that Defendants unlawfully broadcast the program at their commercial establishment El Mixteco Bar without paying for a license in violation of the FCA (47 U.S.C. § 605) and the CTCPCA (47 U.S.C. § 553). *Id*. ¶¶ 26-28. Plaintiff seeks to recover damages in the amount of $60,000 as well as costs. *Id*. ¶¶ 44-45.

Plaintiff has submitted Affidavits of Service stating that the Complaint and Summonses were delivered to the Defendants' places of dwelling, which were received by family members of the respective individual Defendants. Executed Summonses, ECF Nos. 6-8. Plaintiff also delivered the Complaint and Summons to El Mixteco, Inc.'s Registered Agent of Record, the Secretary of State of the New York State Department of State. Executed Summons, ECF No. 9. In a status

report letter dated October 28, 2019, Plaintiff informed this Court that it "intends to move for default judgment." Status Report, ECF No. 11. However, to this date, Plaintiff has not shown any further action in this case.

## LEGAL STANDARD

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Where, as here, the clerk has entered a notation of default but a default judgment has not yet been rendered, the Court applies the good cause standard set forth in in Rule 55(c)." *Team Kasa, LLC v. Humphrey*, No. CV 17-1074 (JS) (AKT), 2018 U.S. Dist. LEXIS 12506, at *6 (E.D.N.Y. Jan. 24, 2018), *adopted by*, *Team Kasa, LLC v. Humphrey*, 2018 U.S. Dist. LEXIS 30587 (E.D.N.Y., Feb. 26, 2018). "The factors that are used by a court to determine whether to set aside a default or a default judgment are the same." *Williams v. Bernard*, No. 05-CV-3202 (FB), 2007 U.S. Dist. LEXIS 103512, at *13 (E.D.N.Y. Aug. 2, 2007), *adopted by*, *Williams v. Bernard*, 2007 U.S. Dist. LEXIS 62207 (E.D.N.Y., Aug. 22, 2007). However, it is well-established that "[a] motion to vacate a default [under Rule 55(c)] is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." *Id*. The standard includes the following factors: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *See Team Kasa, LLC v. Humphrey*, 2018 U.S. Dist. LEXIS 12506, at *6-7 (internal quotations omitted).  In reviewing a motion to vacate a default, "courts should resolve any doubts in a defaulting party's favor." *LG Capital Funding, LLC v. ON4 Communs., Inc.*, No. 16-CV-6943 (ENV) (RER), 2018 U.S. Dist. LEXIS 8353, at *7 (E.D.N.Y. Jan. 17, 2018) (internal citations omitted).

**DISCUSSION**

Defendants contend that good cause exists for vacating the entry of default. *See* Defs.' Mem. of L. in Supp. of Mot. to Set Aside Finding of Default ("Defs.' Mem. of L."), ECF No. 13 at 1. Defendants argue that their failure to appear in this action was not willful as they had not received the Complaint and Summonses. *Id*. at 3-4. As a meritorious defense, Defendants additionally contend that the business premises were under exclusive and complete management of third party individuals such that the individual Defendants had no knowledge of the alleged violations therein. *Id*. at 4. Defendants further argue that Plaintiff would not be prejudiced by allowing this case to proceed on the merits, because only four (4) months had elapsed from commencement of this action until the submission of this motion, and points out that Plaintiff failed to submit a motion for default judgment for two (2) months after the default had been entered. *Id*. at 5.  Plaintiff has not responded to this motion. This Court will consider Defendants' arguments in line with the following three factors (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *See Team Kasa, LLC v. Humphrey*, 2018 U.S. Dist. LEXIS 12506, at *6-7 (internal quotations omitted).

**1. Willfulness**

The Second Circuit has interpreted "willfulness" in the context of a default as "conduct that is more than merely negligent or careless" but is instead "egregious and . . . not satisfactorily explained."  *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotations omitted). In reviewing the record, "[c]ourts should resolve any doubt about a defendant's willfulness in their favor."  *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 77 (E.D.N.Y. 2010) (internal quotations and citations omitted).

In this case, Defendant Oscar Cortez avers that he had moved away from the address where

4

service of the Complaint was allegedly effectuated and was no longer residing there at the time. *See* Decl. Oscar Cortez, ECF No. 13-5 ¶¶ 12-13. Defendants Clemente Cortez and Marcos Cortez similarly declare that they were "never served with the Complaint." Decl. Oscar Cortez. ¶¶ 5-11; Decl. Clemente Cortez. ¶¶ 7-11, ECF. 13-8; Decl. Marcos Cortez ¶¶ 4-10, ECF No. 13-7. While the executed summonses (ECF Nos. 6-8) allege that Defendants were served in their places of dwelling via family members of suitable age, this Court must resolve all doubts in favor of Defendants. *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) ("the district court must resolve any doubts in the defaulting party's favor."). Hence, as to the individual Defendants, this Court finds that their defaults were not willful.

Defendants also claim that, at the time that the Secretary of States' service was effectuated upon the corporate defendant at the business address, the business premise had been vacant and out of the Defendants' possession pending dissolution of business. *See* Decl. Oscar Cortez. ¶¶ 5-11; Decl. Clemente Cortez. ¶¶ 7-11, ECF. 13-8; Decl. Marcos Cortez ¶¶ 4-10, ECF No. 13-7. While Defendants' failure to update their business address may constitute negligence, it does not demonstrate willful default. *See LG Capital Funding, LLC v. ON4 Communs., Inc*., 2018 U.S. Dist. LEXIS 8353, *10-11 (E.D.N.Y. January 17, 2018) ("While Defendant's failure to update their records and maintain a reliable mailing address is grossly negligent, it is not clear that their conduct is sufficiently egregious as to be willful."). Based on the facts in this record, this Court finds that Defendants' lack of willfulness favors vacatur of the default judgment motion.

## 2. Meritorious Defense

"To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage." *Am. All. Ins. v. Eagle Ins.*, 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks and citation omitted). "A defense is meritorious if it is good at law so as to give

the factfinder some determination to make." *Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d

Cir. 2018) (quoting *Am. All. Ins.*, 92 F.3d at 61). It is inappropriate to judge the credibility of a

defendant's factual assertions when considering whether vacatur is appropriate. *See Sea Hope*

*Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013).

Here, Defendants' proffered defense is that the business had been under the exclusive

management and possession of third-party individuals, Jacinto Orzuna and Yorseli Confesor,

such that Defendants lacked knowledge of the alleged violations. *See* Decl. Oscor Cortez, ECF

No. 13-5 ¶¶ 5-9; Decl. Marcos Cortez, ECF No. 13-7 ¶¶ 4-6. In support of this argument,

Defendants submitted the Restaurant Management Agreement between El Mixteco Inc. and the

individuals Jacinto Orzuna and Yorseli Confesor, which contains provisions related to the

restaurant's management and operation as well as indemnification obligations. *See* Rest. Mgmt.

Agreement, 13-4, at 12. Defendants' proffered defense, if proven, potentially absolves

Defendants of individual liability by showing that the complained violations occurred without

Defendants' authorization or supervision. *See J & J Sports Prods. v. Gonzalez*, No. 18-CV-2319

(RRM) (RER), 2019 U.S. Dist. LEXIS 80633, at *13 (E.D.N.Y. May 9, 2019) (holding that a

corporate officer is liable under a theory of contributory infringement if that officer authorizes

the violations); *see also J & J Sports Prods. v. Ahuachapan Corp.*, No. 17-CV-1184 (LDH)

(PK), 2019 U.S. Dist. LEXIS 46240, at *6 (E.D.N.Y. Mar. 20, 2019) (holding that vicarious

liability requires a showing that the "corporate officer had a 'right and ability to supervise' the

company's activities"). Accordingly, the proffer of this potentially meritorious defense militates

towards vacating the entry of default.

**3. Prejudice by Delay**

Prejudice to the non-defaulting party is the final factor to consider when deciding a motion to

6

set aside default. *See LG Capital Funding, LLC v. ON4 Communs., Inc.*, 2018 U.S. Dist. LEXIS 8353, *15. "Plaintiffs must show that delay would prevent recovery or would result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.*

Plaintiff offers no evidence that the delay would cause prejudice. Instead, Plaintiff has contributed to the delay by allowing months to elapse after the Clerk's entry of default. Entry of Default, ECF No. 11. Despite this Court's order dated December 26, 2019 directing Plaintiff to file a default judgment motion, Plaintiff remains idle. *See* Docket Order, Dec. 26, 2019. Therefore, this Court finds no evidence of prejudice from any delay associated with the present default.

## CONCLUSION

Based on this Court's finding that all three factors are in favor of vacating the entry of default, this Court respectfully recommends that the Clerk's entry of default be VACATED.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated:    Brooklyn, New York
          April 22, 2020